GARDEN, JUDGE:
On September 18, 1974, the claimant, Deborah Ann Landes, was participating in a supervised physical education class during her sophomore year at respondent’s Potomac State College located at Keyser, West Virginia. The young female claimant, a resident of Keyser for some number of years and at that time a student at the College, was requested to participate in a doubles tennis match by her instructor, and the evidence revealed the following:
As requested by her instructor, the claimant was attempting to run from one end of the tennis court to the other in order to participate in the proposed doubles match, and upon nearing the area to the right of the net, she suddenly ran into a wire or metal cable which was strung from the side of the net to a steel pole, some 4 or 5 feet from the side of the net. Photographs of the subject side of the net, the supporting wire or cable and the steel pole were introduced, which plainly depicted a most unusual and certainly not a standard support system commonly adopted on most modern tennis courts under present day standards of construction.
*216 The claimant testified that she struck the wire or metal cable at breast height which resulted in her being catapulted over the wire after which she landed on her head. The claimant, being a resident of Keyser, testified that she had played on this particular tennis court on many prior occasions and had never observed the presence of this particular wire. As a matter of fact, she testified that she had played on the subject court two days before and had passed through the subject area without incident and that the wire or metal cable was not installed at that time. She .explained her inability to observe the wire or metal cable on the date of the accident was due to the dark color of the wire or steel cable which caused it to blend into the dark asphalt surface of the tennis court area. The testimony further revealed that the offending wire or metal cable was wrapped with a white tape after claimant’s accident so that the same could be more readily visualized, and the photographs of the accident scene taken a month after the accident, fully support claimant’s testimony in this regard. The respondent offered no testimony on its behalf to dispute the foregoing testimony of the claimant.
As a result of the accident the claimant was confined in the Potomac Valley Hospital from September 18, 1974, to September 26, 1974 where her injuries were diagnosed as a moderately severe cerebral concussion, a three-inch laceration on the vertex of her skull, traumatic cervical myositis and contusions of both breasts. After the hospital confinement, the claimant was required to rest at home for a period of one week after which she returned to her studies at a reduced schedule. As a result her ultimate graduation from Marshall University where she is presently enrolled has been lengthened by one semester.
As a result of the accident, the claimant incurred a hospital bill of $579.65 and an optometry bill of $65.00 for regular glasses to replace the contact lenses she was wearing at the time of the accident, which she was required to wear for several weeks prior to resuming the use of her regularly worn contact lenses. At the hearing the claimant testified that she no longer was experiencing severe headaches from which she suffered after the accident but was experiencing frequent discomfort in her breasts.
An interesting annotation on the subject of tort liability of public schools and institutions of higher learning for accidents occurring in physical education classes appears in 36 ALR 3rd 361, and while none of the cases carried within the annotation appear to be “on all *217 fours”, we do feel from a study of the annotation that the respondent herein was under a duty to maintain its physical education facilities in a reasonably safe condition and that it breached its duty. Being of the further opinion that the claimant was not guilty of contributory negligence, we hereby make an award to the claimant in the sum of $3,144.65.
Award of $3,144.65.